UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VILLACHANA,<br><br>        Petitioner,<br><br>    v.<br><br>SUPERIOR COURT COUNTY OF KERN,<br><br>        Respondent. | No.  1:26-cv-00885-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PREMATURE PETITION**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a pretrial detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After conducting a preliminary review, the Court finds that it should abstain from interfering in ongoing state court proceedings, and the petition should be dismissed.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.    Background

Petitioner is in pretrial custody in the Kern County Lerdo Detention Facility. He is awaiting trial on charges of murder, attempted murder, burglary, assault with a deadly weapon, and possession of a firearm by a felon. (Doc. 1 at 2.) Petitioner complains he has been denied his right to a speedy trial. (Doc. 1 at 3.) He further contends that his appointed attorney has failed to properly represent him. (Doc. 1 at 4.) Petitioner states he has sought relief for his claims in the Kern County Superior Court, but he was given a postcard denial. (Doc. 1 at 3, 5.)

C.    Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair

2

opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971)

Here, state criminal proceedings are ongoing.  California has an important interest in passing upon and correcting violations of a defendant's rights.  Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003).  The trial court remains available as an adequate forum for Petitioner to seek relief.  His complaints concerning his appointed counsel can be raised by way of a Marsden[1] motion. To the extent Petitioner is dissatisfied with the trial court's response to his request for speedy trial, the California Court of Appeal and the California Supreme Court remain adequate forums for Petitioner to seek further relief.  Roberts, 296 F.Supp.2d at 1185.  Therefore, the Court recommends abstaining from interfering in state proceedings pursuant to Younger.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any

---

[1] Under California law, in a motion referred to in shorthand as a "Marsden motion," a defendant may make a motion that his appointed counsel's representation has in some significant measure fallen below the level required by the Sixth Amendment. See People  v. Marsden, 2 Cal.3d 118, 84 Cal.Rptr.156, 465 P.2d 44 (1970).

exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **February 4, 2026**                            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

4